PEOPLE ex rel. SHELDON v. FRASER et al.

(Supreme Court, General Term, Third Department. December 6, 1893.)

1. TAXATION—REDUCING ASSESSMENTS.

An application to reduce an assessment on account of the indebtedness of the person assessed was denied on the ground that certain bank stock included in the assessment was valued at 60 per cent. of its par value, when it should have been valued at 50 per cent. above par, but the assessment of such stock in the hands of other stockholders was left at 60 per cent. *Held*, that such assessment was invalid for want of uniformity.

2. SAME—MODIFICATION BY THE COURT.

Where an assessment is complained of because relator's application to reduce it was denied on the ground that some of his property was assessed below its actual value, and it appears that all the property in the town was assessed below its actual value, the court, on certiorari, will not correct the assessment, since it could only do so by requiring an assessment of relator's property at less than its actual value, in violation of the statute, and therefore a new assessment will be ordered.

Appeal from special term, Warren county.

Certiorari by Mark L. Sheldon to review the action of the assessors of the town of Salem, Washington county, in assessing relator's property for taxation. The assessment was ordered to be stricken from the rolls, and the assessors appeal. Affirmed.

The opinion of Mr. Justice STOVER at special term is as follows:

This is a proceeding by certiorari, under chapter 269, Laws 1880. The relator was the owner of shares of the capital stock of a national bank, doing business in the town of Salem. The testimony shows that the assessors assessed the property of the town at 60 per cent. of its actual value. In making the assessment upon the national bank, of which the relator is a stockholder, the stock was assessed at 60 per cent. of its par value. After the roll had been made, and on the day at which grievances were to be heard, the relator appeared, and objected to his assessment, and claimed a reduction on account of indebtedness. His evidence was taken, and the proof shows that the assessors, while conceding that he was indebted to the amount which he testified, determined that they had not assessed his bank stock upon a proper basis, but that they should have assessed it at 50 per cent. above par, instead of par, and therefore refused to reduce the assessment. As to the other stockholders of the bank, the assessment was left at 60 per cent. of the par value. It will thus be seen that the relator's stock is assessed 50 per cent. higher than the stock of other shareholders in the same bank. It is conceded on this motion that the assessors thought they had a right to assess at 60 per cent. below the actual value, until they came to pass upon the objections of the relator, and at that time they discovered that the law required them to assess at full value, and they thereupon determined that the full value of the relator's bank stock was 50 per cent. above its par value; and therefore, making a deduction for his indebtedness from this increased amount, would leave the assessment at about the amount originally assessed, which was 60 per cent. of the par value. I do not see how, under the well-known rules governing assessments, this assessment can be allowed to stand. The law requires of assessors an intelligent and fair exercise of the powers conferred upon them, and it does not permit them to assess arbitrarily, but requires that when making their assessments they shall adopt some basis which will, as near as possible, equalize the burdens of taxation. While no system of taxation will so operate as to exactly apportion the burden, yet the assessors must proceed in such a manner so that, as near as practicable, such a result can be obtained. It cannot be said that an assessment which undertakes to rate the bank stock of one person 50 per cent. higher than the same stock held by his neighbor is either

fair, just, or legal. The statute gives the court power to strike the assessment from the roll, or order a reassessment, or to correct the assessment, etc. I do not see how I can correct this assessment. It is clear that the assessment roll, as completed, is based upon an estimate of 60 per cent. of the actual value of the property; in other words, the assessment is 40 per cent. below the actual value of the personal property of the town. In order to make the assessment of the relator conform to that of the other taxpayers, I would have to direct the assessors to assess him at 60 per cent. of the par value of his bank stock. In other words, I should have to direct the assessors to do an unlawful act, and the affidavit of the assessors would have to be that they had assessed at the full value. I do not think that the court has power to do this. I cannot compel the assessors to do an unlawful act to rectify their former mistakes. The assessment must be stricken from the roll as illegal, with costs to the relator.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

F. Fraser, (L. Fraser, of counsel,) for appellants.
James Gibson, for respondent.

MAYHAM, P. J.　The judgment and order in this case should be affirmed on opinion of judge at special term.　Judgment affirmed, with costs of this appeal in favor of the respondent against the town of Salem.　All concur.

---

### In re HANEY'S ESTATE.

### In re RYALLS.

(Supreme Court, General Term, Third Department.　December 6, 1893.)

1. EXECUTORS AND ADMINISTRATORS—ACCOUNTING—BURDEN OF PROOF.
   Where an estate is given to an executor for life with absolute power of disposal, in a proceeding against the personal representative of such executor for an accounting, the burden of showing the amount of property which came into the hands of the executor, and the amount remaining in his hands at his death undisposed of, is on the persons seeking to surcharge the account.
2. SAME—RECEIPT OF ASSETS.
   Evidence that a testator, a year before his death, received money, is not sufficient to charge his executor with such money on his final accounting.

Appeal from surrogate's court, Saratoga county.
Final judicial settlement of the accounts of Sarah M. Ryalls, as administratrix of the estate of William H. Ryalls, as executor of the will of Elizabeth Haney, deceased.　From the decree of the surrogate, Sarah M. Ryalls appeals.　Reversed.
Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

Grenville M. Ingalsbe, for appellant.
C. H. Sturges, for respondent Elizabeth R. Cowen.
J. W. Houghton, for respondent C. A. Patterson.
Henning & McCall, for respondent H. P. Ryalls.

MAYHAM, P. J.　Sarah M. Ryalls, having been cited before the surrogate to show cause why she, as administratrix of the estate of